IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OLGA SALINAS-STOREY | § | |
| and CAMERON STOREY, | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-483-P |
| | § | |
| LOANDEPOT.COM, LLC, et al., | § | |
| *Defendants.* | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION REGARDING REMAND

On May 2, 2025, *pro se* Plaintiffs Olga Salinas-Storey and Cameron Storey removed this case from the 271st Judicial District Court, Wise County, Texas, Cause No. CV25-04-290 [doc. 1]. Having reviewed the notice of removal, the Court **RECOMMENDS** that the case be *sua sponte* **REMANDED** as removal was improper. Specifically, removal was improper because a plaintiff cannot remove an action.[1] Accordingly, it is **RECOMMENDED** that this case be *sua sponte* **REMANDED**[2] to the 271st Judicial District Court, Wise County, Texas.

---

[1] 28 U.S.C. § 1441 provides that an action "may be removed *by the defendant or the defendants.*" (emphasis added). Thus, only defendants may remove a case from state court to federal court. *See Kennedy v. Breidenbach*, No. 4:06-CV-584-Y, 2006 WL 2583148, at *1 (N.D. Tex. Sept. 6, 2006) (finding "the right of removal by statute is only available to defendants, and a plaintiff may not remove an action from state court") (citations omitted); *Jerry Family v. Fed. Home Loan Mortg. Corp.*, 161 F. App'x 367 (5th Cir. 2005) (per curiam) (holding "plaintiffs cannot 'remove' to federal court a case they chose to file in state court"); *see also Garnett v. Fed. Home Loan Mortg.*, No. 3:11-CV-33-66-M- (BF), 2011 WL 6968148, at *1 (N.D. Tex. Dec. 19, 2011) (remanding the removed case to state court finding "there is no legal basis for a plaintiff to remove her own case"), *report and recommendation adopted*, 2012 WL 75756 (N.D. Tex. Jan. 10, 2012).

[2] The Court notes that the Fifth Circuit has held that a motion to remand a case to state court is a dispositive matter. *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("We therefore join the uniform view of the courts of appeals that have considered this question and hold that a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

### NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until May 22, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 8, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE