UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**Olga Salinas-Storey,**

   Plaintiff,

v.                                       **No. 4:25-cv-00483-P**

**LOANDEPOT.COM, LLC, ET AL.,**

   Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On May 8, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 11. The FCR recommended the Court *sua sponte* remand the case to the 271st Judicial District Court, Wise County, Texas because a plaintiff cannot remove an action to federal court. *Id.* at 1. Plaintiff filed an Objection to the FCR on May 19, 2025. Objection, ECF No. 12. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **AFFIRM** the Commissioner's decision, **ADOPT** the reasoning in the Magistrate Judge's FCR (ECF No. 11), and **OVERRULE** Plaintiff's Objections (ECF No. 12).

Plaintiff raises the following objections to the Magistrate Judge's FCR:

- The substantive party status controls removal rights
- Federal question jurisdiction is constitutionally invoked
- Due process and property rights demand federal forum
- Federal Reserve and pledging procedures were overlooked
- Supremacy Clause and federal preemption apply

The Court **OVERRULES** these objections because, as the Magistrate Judge recognized, a plaintiff cannot remove an action.[1]

Thus, having conducted a *de novo* review of the ALJ's Decision, the Magistrate Judge's FCR, and Plaintiff's Objection, the Court **AFFIRMS** the ALJ's Decision, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections.

Accordingly, it is **ORDERED** that this case be remanded to the 271st Judicial District Court, Wise County, Texas.

**SO ORDERED** on this **19th day of May 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1441 provides that an action "may be removed by the defendant or the defendants." (emphasis added). Thus, only defendants may remove a case from state court to federal court. *See Kennedy v. Breidenbach*, No. 4:06-CV-584-Y, 2006 WL 2583148, at *1 (N.D. Tex. Sept. 6, 2006) (finding "the right of removal by statute is only available to defendants, and a plaintiff may not remove an action from state court") (citations omitted); *Jerry Family v. Fed. Home Loan Mortg. Corp.*, 161 F. App'x 367 (5th Cir. 2005) (per curiam) (holding "plaintiffs cannot 'remove' to federal court a case they chose to file in state court"); *see also Garnett v. Fed. Home Loan Mortg.*, No. 3:11-CV☐33-66-M- (BF), 2011 WL 6968148, at *1 (N.D. Tex. Dec. 19, 2011) (remanding the removed case to state court finding "there is no legal basis for a plaintiff to remove her own case"), report and recommendation adopted, 2012 WL 75756 (N.D. Tex. Jan. 10, 2012).